IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

RECEIVED
2006 JUN 21 A 9: 13

| | |
|---|---|
| ELLEN T. FLOWERS, | ) |
| Plaintiff, | ) ) ) |
| VS. | ) ) CASE NO.: CV 3:06 CV552 - |
| ALLSTATE INDEMNITY COMPANY, and fictitious defendants A, B, C, D and E who are those other persons, corporations, or other entities whose negligence, or other wrongful conduct contributed to cause the injuries and/or damages suffered by the Plaintiff, whose true and correct names are unknown to the Plaintiff at this time but will be substituted by amendment when ascertained. | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## NOTICE OF REMOVAL

COMES NOW the Defendant, ALLSTATE INDEMNITY COMPANY, a Corporation, and files this Notice of Removal of this action from the Circuit Court of Macon County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division. As grounds hereto, this Defendant shows unto the Court as follows:

### BACKGROUND OF THIS ACTION

1. The above-entitled cause has been brought in the Circuit Court for Macon County, Alabama, by service of the Summons and Complaint via certified mail on or about <u>April 4, 2006</u>, and is now pending therein. A complete copy of the lawsuit along with all State Court pleadings are attached as Exhibit "A" and are incorporated herein by reference. This case is being removed within

30 days of receipt of a pleading which indicates the case is removable and well within one year of the commencement of this action.

2.  Said action is of a civil nature at law whereby Plaintiff seeks to recover damages in excess of $75,000 from the Defendants, exclusive of interest and costs. Plaintiff alleges breach of contract, negligence, wantonness, misrepresentation/fraud, intentional misrepresentation/fraud and bad faith against Allstate.

### THE PLAINTIFF

3.  Upon information and belief, and as pled in the Plaintiff's Complaint, the Plaintiff is a citizen of Macon County, Alabama.

### THE REMOVING DEFENDANT

4.  At all times referred to in the Complaint including the date of filing of the Complaint, the Defendant, Allstate Indemnity Company, was a foreign corporation organized and existing under the laws of the State of Illinois with its principal place of business in the State of Illinois.

### GROUNDS FOR REMOVAL

5.  This case is being removed pursuant to 28 U.S.C. §1441 et seq., inasmuch as this action could have originally been brought in this Court pursuant to 28 U.S.C. §1332.

6.  Although the case stated by the initial pleading was not removable, this Notice of Removal is timely filed because it is submitted within 30 days after the receipt by this Defendant of a copy of other paper from which it could first be ascertained that the case had become removable. 28 U.S.C. § 1446(b). To wit, this action was originally filed against Allstate Indemnity Company and included a non-specific addamnum clause (See Plaintiff's Complaint).

7.  On or about May 3, 2006, this Defendant submitted Defendant's Request for

Admission to Plaintiff which sought to have Plaintiff admit or deny that she will "never seek or attempt to recover from Allstate Indemnity Company monetary damages in this case in excess of $75,000.00 exclusive of interest and costs." (See Defendant's Request for Admission to Plaintiff). On or about June 2, 2006, counsel for this Defendant received Plaintiff's Response to Request for Admissions. Within the Response, Plaintiff <u>denies</u> that she will never attempt to recover from Allstate any monetary sum in excess of $75,000.00 exclusive of interest and costs as a result of this litigation.

9.  Pursuant to 28 U.S.C. § 1446 (b), "a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion <u>or other paper from which it may first be ascertained that the case is one which is or has become removable</u> . . . " Thus, the thirty day window in which a Defendant must remove a case begins to run only when that Defendant receives notice -- in whatever form -- that the case is now removable. In the instant case, Notice of Removal is being filed within 30 days of the receipt of Plaintiff's Response to Request for Admissions establishing the amount in controversy. In <u>Wilson v. GM Corporation</u>, 888 F. 2d 779 (11th Cir. 1989) the 11th Circuit Court of Appeals upheld a removal where the Defendant utilized Responses to Request for Admission as a establishing the basis for removal. Likewise, in <u>Robinson v. GE Capital Mortgage Services, Inc.</u>, 945 F. Supp. 15-16 (M.D. Ala. 1996) the Plaintiff submitted a Complaint with a non-specific claim for damages. The Defendant responded by submitting a Request for Admission attempting to determine whether the jurisdictional minimum was at issue. Having received a Response to the Request for Admission indicating that the case was calling into controversy amounts exceeding the jurisdiction minimum, the Defendants promptly removed. The Court found that the removal was appropriate and the

Motion to Remand was denied.

10. This Notice of Removal is also timely filed because it is being submitted within one year from the April 4, 2006, date of commencement of the action.

11. A true and correct copy of this Notice of Removal is being served on counsel for Plaintiffs this date.

12. A true and correct copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of Macon County, Alabama this date.

13. No special bail was or is required in this action.

### JURISDICTION UNDER 28 U.S.C. §1332

14. This action could have originally been brought in this Court under 28 U.S.C. §1332 in that it is a civil action wherein there is complete diversity of citizenship and the matter in controversy exceeds seventy-five thousand and no/100 dollars ($75,000) exclusive of interest and cost. Specifically, Plaintiff's Response to Defendant's Request for Admissions establish both diversity and the amount in controversy such that removal is appropriate.

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Indemnity Company prays that the above styled cause be removed from the Circuit Court of Macon County, Alabama, to the United States District Court for the Middle District of Alabama, Eastern Division, according to the statutes in such case made and provided.

Done this 14th day of June, 2006

_____
Thomas E. Bazemore, III
Gordon J. Brady, III
Attorneys for Defendant, Allstate Indemnity Co.

**OF COUNSEL:**

HUIE, FERNAMBUCQ AND STEWART, LLP
The Protective Center
2801 Highway 280 South, St. 200
Birmingham, Alabama 35223
Telephone : (205) 251-1193
Telecopier: (205) 251-1256

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing on the following parties by placing same in the United States Mail, postage prepaid and properly addressed on this 14TH day of June, 2006.

Mary Bishop Roberson
Philip A. Thompson
HAYGOOD, CLEVELAND, PIERCE, MATTSON & THOMPSON, LLP
611 East Glenn Avenue
P.O. Box 3310
Auburn, Alabama 36831

_____
Of Counsel