IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| ELLEN T. FLOWERS, | * |
| Plaintiff | * |
| v. | *   CV-2006-_07_ |
| ALLSTATE INDEMNITY COMPANY, and fictitious defendants A, B, C, D and E who are those other persons, corporations, or other entities whose negligence, or other wrongful conduct contributed to cause the injuries and/or damages suffered by the Plaintiff, whose true and correct names are unknown to the Plaintiff at this time but will be substituted by amendment when ascertained. | * |
| Defendants. | * |

## COMPLAINT

### Statement of Parties

1. Plaintiff Ellen T. Flowers, (hereinafter referred to as "Ellen") is over the age of eighteen and resides in Macon County, Alabama.

2. Defendant Allstate Indemnity Company (hereinafter referred to as "Allstate"), is believed to be a corporation formed under the laws of the State of Illinois, and registered as a corporation in the State of Alabama, and doing business in Macon County, Alabama.

3. Fictitious Defendants A, B, C, D & E are individuals, general partnerships, limited partnerships, corporations, and other legal entities whose negligence and other wrongful conduct contributed to and caused the injuries and damages suffered by Ellen whose true and correct names are unknown to Ellen at this time, but will be substituted by amendment when ascertained.

## Statement of the Facts

4. Ellen purchased a home located at 301 Katherine Drive, Tuskegee, Alabama, on or about July of 2004.

5. Ellen also purchased a Deluxe Homeowner's insurance policy for said home from Defendant Allstate.

6. Said policy period of coverage began on July 30, 2004 and provided a premium period from that date until July 30, 2005. A copy of the Declaration for this policy is attached hereto and marked Exhibit A.

7. On or about October 2, 2004, the home owned by Ellen and covered by the Allstate policy at issue was damaged. A storm damaged the roof of the home and created substantial leak problems and created the risk for other problems such as mold, mildew, structural damage, etc.

8. Ellen contacted Allstate and filed a claim on her Allstate policy for the home regarding the above referenced damage. A claim number was established for this matter by Allstate.

9. An Allstate representative visited the home in October, 2004, and took photographs of the damage to the home. Allstate represented to Ellen that payment for the damage caused to her home as a result of a storm would be covered under her insurance policy.

10. Allstate also requested that Ellen provide them with two estimates of repair of the home. Ellen provided such to Allstate. One of the estimates provided stated that the cost of repairs would be approximately $17,675.00. A copy of said estimate is attached hereto and marked Exhibit B.

11. After said estimates were provided as requested for payment of the repairs to the home, Ellen was thereafter never contacted by Allstate in any manner whatsoever concerning this claim or whether they at accepted or rejected the claim for repairs.

12. Ellen and her sister, Irene Taylor (who was living in the house), attempted to contact

Allstate concerning this matter on several occasions. The last contact that Ellen had with Allstate regarding this matter was on or about April or May of 2005.

13. The damage to Ellen's home is still in a state of disrepair. The roof is still damaged, and, as a result of such, the house now has mildew in parts of the home due to rain leaking, a light fixture in the office of the home is sagging, water runs down certain walls of the home when it is raining, and certain windows leak.

## COUNT ONE - Breach of Contract

14. The allegations contained in Paragraphs 1 through 13 are repeated and realleged as if fully set forth herein.

15. Allstate breached its contract with Ellen in failing to respond to Ellen's claim and thereby refusing to pay those insurance benefits to which Ellen is entitled under that certain policy of insurance issued by Allstate.

WHEREFORE, PREMISES CONSIDERED, Ellen demands judgment against Defendant such sum as may be considered proper for compensatory and punitive damages, interest and costs.

## COUNT TWO - Negligence

16. Plaintiff incorporates paragraphs 1-15 of the Complaint as if they were set out in full.

17. Allstate had a duty to cover Ellen under the policy that she had paid for which was in full force and effect and breached that duty by negligently denying and/or failing to do anything about Ellen's claim for payment regarding her property damage.

18. As a proximate result of Allstate's negligence, Ellen has been injured and damaged and continues to be injured and damaged by being without the payments due under said policy of insurance and has suffered emotional and mental distress as a result of said negligence. She has

been embarrassed, humiliated and otherwise injured.

WHEREFORE, PREMISES CONSIDERED, Ellen demands judgment against Defendant such sum as may be considered proper for compensatory and punitive damages, interest and costs.

### COUNT THREE - Wantonness

19. Plaintiff incorporates paragraphs 1-18 of the Complaint as if they were set out in full.

20. Allstate wantonly denied and/or failed to do anything about Ellen's claim for payment regarding her property damage.

21. As a proximate result of Allstate's wantonness, Ellen has been injured and damaged and continues to be injured and damaged by being without the payments due under the policy of insurance and has suffered emotional and mental distress as a result of said negligence. She has been embarrassed, humiliated and otherwise injured.

WHEREFORE, PREMISES CONSIDERED, Ellen demands judgment against Defendant such sum as may be considered proper for compensatory and punitive damages, interest and costs.

### COUNT FOUR - Misrepresentation/Fraud

22. Plaintiff incorporates paragraphs 1-21 of the Complaint as if they were set out in full.

23. Allstate has recklessly or without knowledge or by mistake, misrepresented to Ellen that they would carry out the provisions of the insurance policy for which she paid. Allstate set up a claim for this damage, sent a representative out to Ellen's property to assess the damage,

asked Ellen to provide them with estimates, which she did, and told Ellen that it would be covered and failed to ever contact her regarding the claim since that time.

24. Ellen relied on said misrepresentations to her detriment.

25. As a result of said reliance, Ellen has suffered damages by being without the payments due under the terms of her policy, and has suffered emotional and mental distress as a result. He has been embarrassed, humiliated and otherwise injured.

WHEREFORE, PREMISES CONSIDERED, Ellen demands judgment against Defendant in such sum as may be considered proper for compensatory damages, interest and costs.

## COUNT FOUR - Intentional Misrepresentation/Fraud

26. The allegations contained in Paragraphs 1 through 25 are repeated and realleged as if fully set forth herein.

27. Allstate has falsely represented to Ellen that it would carry out the provisions of the insurance policy for which she paid when the adjuster stated to her that it would be a type of damage that the policy covered.

28. Allstate issued said policy with a present intent not to honor valid claims.

29. Allstate represented to Ellen that valid claims would be honored and paid at the time said policy was issued, and said premium was paid. Said representation by Allstate was made with a knowledge of its falsity.

30. Allstate accepted Ellen's premium payments for said insurance coverage. When Ellen made a claim under the policy of insurance, Allstate apparently denied coverage and refused to pay the claim by never contacting Ellen or returning her calls regarding said claim.

31. Ellen relied on said representation to her detriment, and, as a proximate cause of the fraud and misrepresentations of the Defendant, she has suffered the following damages: she has been without the payments due under said policy of insurance to repair her home and has suffered emotional and mental distress as a result of said fraud and misrepresentation. She has been embarrassed, humiliated and otherwise injured.

WHEREFORE, PREMISES CONSIDERED, Ellen demands judgment against Defendant such sum as may be considered proper for compensatory and punitive damages, interest and costs.

### COUNT FIVE - Bad Faith

32. The allegations contained in Paragraphs 1 through 31 are repeated and realleged as if fully set forth herein.

33. Allstate established with Ellen a fiduciary duty as insurers for the payment of insurance benefits. Allstate acted in bad faith in denying the claim of Ellen and did not have an arguable or legitimate reason in law or fact for denying Ellen's claim, or otherwise failed to determine whether there was an arguable or legitimate reason.

34. As a proximate consequence of the bad faith of Defendant, Ellen has been caused to suffer emotional and mental distress. She has been embarrassed, humiliated and otherwise injured.

WHEREFORE, PREMISES CONSIDERED, Ellen claims a judgment in such sum as may be considered proper for compensatory and punitive damages, interest and costs.

Respectfully submitted,

_Mary Bishop Roberson_,
Philip A. Thompson, Attorneys for Defendant

OF COUNSEL:
HAYGOOD, CLEVELAND, PIERCE, MATTSON & THOMPSON, LLP
611 East Glenn Avenue
P. O. Box 3310
Auburn, Alabama 36831-3310
(334) 821-3892