IN THE CIRCUIT COURT OF MACON COUNTY, ALABAMA

| | |
|---|---|
| ELLEN T. FLOWERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| VS. ) | CASE NO.: CV 06-07 |
| ) | |
| ALLSTATE INDEMNITY COMPANY, ) | |
| and fictitious defendants A, B, C, D and E ) | |
| who are those other persons, corporations, ) | |
| or other entities whose negligence, or ) | |
| other wrongful conduct contributed to ) | |
| cause the injuries and/or damages suffered ) | |
| by the Plaintiff, whose true and correct ) | |
| names are unknown to the Plaintiff at this ) | |
| time but will be substituted by amendment ) | |
| when ascertained. ) | |
| ) | |
| Defendants. ) | |

## ANSWER OF DEFENDANT ALLSTATE INDEMNITY COMPANY

COMES NOW the Defendant, ALLSTATE INDEMNITY COMPANY, a Corporation, and for Answer to Plaintiffs' Complaint, states as follows:

### FIRST DEFENSE

The Complaint fails to state any claim against Allstate Indemnity Company upon which relief can be granted.

### SECOND DEFENSE

This Defendant pleads the general issue and denies each and every material allegation of the Plaintiff's Complaint and demands strict proof thereof.

### THIRD DEFENSE

This Defendant denies that it has breached any contract with the Plaintiff.

01024987.1/1050-0239                           1

## FOURTH DEFENSE

This Defendant affirmatively denies that it or any of its agents, servants or employees are guilty of any bad faith conduct in their dealing with the Plaintiff.

## FIFTH DEFENSE

This Defendant expressly denies any intentional refusal to pay a claim submitted by the Plaintiff which was covered under the policy of insurance in existence at the time of the loss.

## SIXTH DEFENSE

This Defendant specifically denies any intentional failure to perform any duty implied by law of good faith and fair dealing with the Plaintiff.

## SEVENTH DEFENSE

This Defendant affirmatively asserts that there has been no intentional failure to determine whether a lawful basis for refusal to pay any portion of the benefits due under the policy, and further that said Defendant is unaware of any conscious wrongful conduct in the adjustment of the claim.

## EIGHTH DEFENSE

This Defendant avers that Plaintiff failed to mitigate damages.

## NINTH DEFENSE

This Defendant denies that it breached any duty to the Plaintiff.

## TENTH DEFENSE

This Defendant denies that it or any of its agents, servants or employees misrepresented or suppressed any material fact to the Plaintiff.

## ELEVENTH DEFENSE

This Defendant pleads the applicable statute of limitations.

## TWELFTH DEFENSE

This Defendant specifically denies that Plaintiff has alleged facts upon which reasonable or justifiable reliance has been placed upon any representation of this Defendant.

## THIRTEENTH DEFENSE

This Defendant pleads accord and satisfaction.

## FOURTEENTH DEFENSE

This Defendant asserts that Plaintiff's claims are barred by the doctrine of waiver and estoppel.

## FIFTEENTH DEFENSE

This Defendant asserts that Plaintiff's claims are barred by the doctrine of latches.

## SIXTEENTH DEFENSE

This Defendant asserts misrepresentation in the application and misrepresentation in the proof of the claim thus voiding the policy in question pursuant to the language of the policy itself and applicable Alabama statutes and case law

## SEVENTEENTH DEFENSE

This Defendant asserts that Plaintiff's claims are barred by the statute of frauds.

## EIGHTEENTH DEFENSE

This Defendant denies that it is guilty of any conduct which entitles the Plaintiff to a recovery of punitive damages.

## NINETEENTH DEFENSE

This Defendant asserts that any award for punitive damages to the Plaintiff in this action constitutes a violation of the constitutional safeguards provided to this Defendant under the

Constitution of the State of Alabama.

### TWENTIETH DEFENSE

This Defendant asserts that any award for punitive damages to the Plaintiff in this action constitutes a violation of the constitutional safeguards provided to this Defendant under the Constitution of the United State of America.

### TWENTY-FIRST DEFENSE

This Defendant asserts that any award of punitive damages to the Plaintiff in this action would be a violation of the constitution safeguard provided to this Defendant under the due process clause of the Fourteenth Amendment to the Constitution of the United States of America.

### TWENTY-SECOND DEFENSE

This Defendant asserts that any award of punitive damages to the Plaintiff in this action would be a violation of the constitutional safeguard provided to this Defendant under the Sixth Amendment to the Constitution of the United States of America.

### TWENTY-THIRD DEFENSE

This Defendant affirmatively asserts that it is a violation of the self-incrimination clause of the Fifth Amendment to the Constitution of the United States of America to impose against this Defendant punitive damages, which are penal in nature yet compel this Defendant to disclose potentially incriminating documents and evidence.

### TWENTY-FOURTH DEFENSE

The Plaintiff's claim for punitive damages violates the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments of the Constitution of the United States of America.

## TWENTY-FIFTH DEFENSE

Plaintiff's claim for punitive damages violates the due process of Article 1, Section 6 of the Constitution of Alabama.

## TWENTY-SIXTH DEFENSE

Any award of punitive damages to the Plaintiff in this action would constitute a deprivation of property without due process of the law required under the Fifth and Fourteenth Amendment of the United States Constitution.

## TWENTY-SEVENTH DEFENSE

This Defendant pleads the applicable terms and conditions of the policy in question.

## TWENTY-EIGHTH DEFENSE

This Defendant reserves the right to supplement and amend its Answer as may it be necessary.

_____
Thomas E. Bazemore, III
Gordon J. Brady, III
Attorneys for Defendant, Allstate Indemnity Co.

**OF COUNSEL:**

HUIE, FERNAMBUCQ AND STEWART, LLP
The Protective Center
2801 Highway 280 South, St. 200
Birmingham, Alabama 35223
Telephone : (205) 251-1193
Telecopier: (205) 251-1256

## JURY DEMAND

THIS DEFENDANT DEMANDS A TRIAL BY STRUCK JURY.

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the above and foregoing on the following parties by placing same in the United States Mail, postage prepaid and properly addressed on this 3rd day of May, 2006.

Mary Bishop Roberson
Philip A. Thompson
HAYGOOD, CLEVELAND, PIERCE, MATTSON & THOMPSON, LLP
611 East Glenn Avenue
P.O. Box 3310
Auburn, Alabama 36831

_____
Of Counsel