**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**EASTERN DIVISION**

| | |
|---|---|
| **ELLEN T. FLOWERS,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| VS. | )   CASE NO.: CV 3:06-552-SRW |
| | ) |
| **ALLSTATE INDEMNITY COMPANY,** | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT, ALLSTATE INSURANCE COMPANY'S INITIAL DISCLOSURES**

COMES NOW Allstate Indemnity Company and produces its Initial Disclosures pursuant to Federal Rules of Civil Procedure 26(a)(1), as follows:

(A) The name, address and telephone number of each individual believed to have discoverable non-privileged personal knowledge concerning any significant factual issue specifically raised in the pleadings.

**RESPONSE:**

1. Ms. Ellen T. Flowers - plaintiff to this action, c/o Mary R. Roberson and Philip A. Thompson, Attorneys for Plaintiff (plaintiff, in her Complaint, purportedly has knowledge as to the claims asserted in their Complaint).

2. Cathy Horton, Allstate Indemnity Co., c/o Tom E. Bazemore and Gordon J. Brady, Attorney for Defendants.

3. Sharol St. Cin, Allstate Indemnity Co., c/o Tom E. Bazemore and Gordon J. Brady, Attorney for Defendants.

4. Mohd. Gwande, G & G Roofing Co., P.O. Box 830863, Tuskegee, AL 36083.

5. Jeff Creel, Jones Brothers Roofing Co., P.O. Box 402, Montgomery, AL 36101.

There may be other individuals with knowledge of relevant information who are at this time unknown to the Defendant. Defendant reserves the right and recognizes the obligations to supplement these disclosures after such individuals are identified.

Defendant will supplement the foregoing disclosures as required by Fed. R. Civ. P.(26)(e).

(B) All documents, data compilations and tangible things in the possession, custody or control of the party that may be used to support its contentions with respect to any significant factual issue in the case.

**RESPONSE:** Please see attached Bates stamped documents Flowers 001-Flowers 015.

( C ) Computation of any category of damages claimed by the disclosing party, making available for inspection and copying under Rule 34 of the documents, other evidentiary material, not privileged or protected from disclosure, in which such computation is based, including materials bearing on the nature and extent of injuries suffered.

**RESPONSE**: Not applicable.

(D) For inspection and copying under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse payments made to satisfy judgment.

**RESPONSE:** Not applicable.

    Respectfully submitted,
s/Thomas E. Bazemore, III
s/Gordon J. Brady, III
Huie, Fernambucq & Stewart, LLP
2801 Highway 280 South, Suite 200
Birmingham, Alabama 35223
205-251-1193
Attorneys for Defendant

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing on the following this 30th day of August, 2006.

Mary Bishop Roberson
Philip A. Thompson
HAYGOOD, CLEVELAND, PIERCE, MATTSON & THOMPSON, LLP
611 East Glenn Avenue
P.O. Box 3310
Auburn, Alabama 36831

                                            s/Thomas E. Bazemore, III
                                            Of Counsel